UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANK A. FERNANDEZ,

Plaintiff,

v.

SONEPAR MOUNTAIN HOLDINGS, LLC
DBA CODALE ELECTRIC SUPPLY
(successor to NEDCO SUPPLY)

Defendant.

Case No. 2:26-cv-01981-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP) and Complaint for Disability Discrimination. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted below. The Court therefore screens Plaintiff's Complaint.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    Plaintiff's Complaint**

Plaintiff raises various claims under the Americans with Disabilities Act (the "ADA") and Nevada state law.[1] These claims include disability discrimination, retaliation, and the failure to accommodate. Plaintiff also alleges a pattern and practice claim, which he fails to state. Plaintiff avers he filed a charge of discrimination and exhausted his administrative rights before the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission. ECF No. 1-1 at 2. Plaintiff demonstrates he received a right to sue notice from the EEOC on June 1, 2026. ECF No. 1-1 at 23. Plaintiff filed his Complaint on June 30, 2026. ECF No. 1. The Court finds, that as alleged, Plaintiff exhausted his administrative remedies, a statutory prerequisite to Plaintiff's pursuit of his claims under the ADA.

Plaintiff asserts he was discriminated against by his employer, who is identified as Sonepar Mountain Holdings, LLC dba Codale Electric Supply, the successor in interest to Nedco Supply.[2] Plaintiff states he has a disability, cancer, which was diagnosed in September 2021. *Id*. at 2. Plaintiff claims he advised his employer of this fact and was told by his manager to take medical leave to care for his health. *Id*. at 3. The same manager is alleged to have promised Plaintiff "he would be reinstated to his warehouse receiver position upon his return to work." *Id*. Plaintiff became very ill at work as a result of his cancer in October 2021, and was told he had to write a statement before he could leave, which statement was treated as a resignation. *Id*. While Human Resources ("HR") is

---

[1]    *Littlefield v. Nevada, ex. rel. Dep't of Pub. Safety*, 195 F. Supp. 3d 1147, 1152 (D. Nev. 2016) ("Nevada courts apply the ADA approach to plaintiff's state law claims.").

[2]    Plaintiff alleges that while he received treatment for cancer Nedco was acquired by Sonepar and adopted the dba Codale Electric Supply. *Id*. at 4. Whether Plaintiff has alleged the proper employer is not determined at this time as the Court must treat allegations of fact asserted in his Complaint as true at this stage of proceedings.

alleged to have asserted Plaintiff's statement clearly showed he was resigning, HR was willing to accept that Plaintiff did not intend to resign and confirmed he was not terminated. *Id*. Plaintiff was given paperwork to support his disability which was to be completed and returned two weeks after the employer allegedly confirmed he was not terminated. *Id*.

Plaintiff states he completed and returned all the paperwork that "confirmed his intent to return to work." *Id*. However, Plaintiff avers that after the return of the employer's requested paperwork, the employer "completely abandoned the accommodation process," "never followed up with Plaintiff, never provided any accommodation, never engaged in any further interactive process, and never provided Plaintiff with any written notice of his rights." *Id*. Plaintiff says, "approximately two years after [d]efendant abandoned … [him] without income, job security, or accommodation," he suffered a recurrence of his cancer. *Id*. at 4. Ultimately, Plaintiff claims he suffered financial devastation arising from his employer's conduct. *Id*. In 2025, Plaintiff completed his treatment for his second bout with cancer and attempted to return to work, but that attempt was not honored and his attempts to obtain reemployment through applications received no response. *Id*.

**III.    Plaintiff's Claims**

To plead a *prima facie* case of disparate treatment under the ADA, Plaintiff must allege that, within the meaning of the statute, he: "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." *Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1087 (9th Cir. 2001). A plaintiff must also "allege how he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024). If the claim is based on a termination, the plaintiff must allege (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual, meaning he can perform the essential functions of his job; and (3) the defendant terminated him because of his disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996). To state a failure to accommodate and participate in the interactive process claim under the ADA, Plaintiff must plead sufficient facts to demonstrate: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable

accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003) (per curiam).

To state a claim for retaliation, Plaintiff must allege: (1) he engaged or was engaging in activity protected under the ADA, (2) the employer subjected Plaintiff to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). To adequately allege a pattern or practice claim, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant engaged in "more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 (1977).

Plaintiff's claims are not the model of clarity regarding what occurred between November 2021 when he returned the ADA related paperwork requested by his employer; however, he strongly intimates that the employer did nothing in response supporting a strong inference that no interactive process occurred, no accommodation was offered, he was not then reinstated to his position, and when there was an attempt to gain reemployment in 2025, as promised, he was ignored. Thus, despite not officially terminating Plaintiff in October 2021 following what is described as a "coerced" statement upon becoming ill at work, it appears to the Court Plaintiff is alleging he was not accommodated or otherwise reinstated at that time even though he completed the ADA paperwork requested. These allegations, while slim, are sufficient at the pleading stage to state a claim of disability discrimination and failure to accommodate under the ADA. Plaintiff does not state facts sufficient to state a claim alleging a pattern and practice, and on that basis dismisses this claim.

## IV.    Order

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff is not required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas or retention of experts at the government's expense.

IT IS FURTHER ORDERED that Plaintiff's Disability Discrimination, Failure to Accommodate, and Coerced Resignation and Involuntary Separation claims may proceed under state and federal law. Plaintiff's claim based on pattern and practice fails as a matter of law and is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff may choose to file an amended complaint to clarify his claims and attempt to state a pattern and practice claim. If plaintiff does so, Plaintiff must file the amended complaint no later than **August 7, 2026**. If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must plead all facts and state all claims he seeks to assert against the named defendants.

Plaintiff is reminded that the amended complaint must include a short and plain statement of the facts upon which he bases each of his claims. The Court cannot refer to Plaintiff's original Complaint when deciding whether he states facts supporting the *prima facie* elements of each claim he asserts. The amended complaint must be complete in and of itself. This is because an amended complaint supplants—that is replaces—the original Complaint.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint, his original Complaint will proceed and the Court will order service of process on the defendant.

Dated this 7th of July, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5